**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RAYDEL MAREN MOREJON,

                    Petitioner,

    vs.

JOHN MATTOS, *et al*.,

                   Defendants.

Case No.: 2:26-cv-00427-GMN-BNW

**SERVICE AND APPOINTMENT OF COUNSEL ORDER**

Petitioner Raydel Maren Morejon, an immigration detainee, who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. (ECF Nos. 1, 1-1, 1-2). The Court finds that good cause exists to grant the IFP application.  The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]  And, following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] the Court also finds that the petition establishes a *prima facie* case for relief, so the Court directs that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

Accordingly,

**IT IS HEREBY ORDERED** that the IFP application (ECF No. 1) is **GRANTED**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

[2] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (ECF No. 1-2) is **GRANTED**.  The Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order.  If the Federal Public Defender is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an amended petition (or to indicate that an amended petition is unnecessary).  The Federal Public Defender shall effectuate service of the amended petition on the respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to:

1. **FILE** the petition (ECF No. 1-1).

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **SEND** a copy of the petition (ECF No. 1-1) and this Order to the Federal Public Defender, Petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to: John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.  The

Clerk of Court is kindly directed to send, through CM/ECF, a copy of the petition and order to his attorney Ashley Hesman at ahesman@strucklove.com.

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 14 days of service of the counseled amended petition, unless additional time is allowed for good cause shown.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[3] Petitioner will then have 7 days to file a reply.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that the respondents shall not transfer Petitioner out of this District, with the exception of effectuating Petitioner's lawful deportation.[4]

**DATED** this 19th day of February, 2026.

_____
District Judge
United States District Court

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").